# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT RHODE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:09-CV-239-TS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Robert Rhode, a prisoner confined at the Indiana State Prison (ISP), submitted a Petition for Writ of *Habeas Corpus* [DE 1] pursuant to 28 U.S.C. § 2254. According to the Petition, a prison disciplinary hearing board (DHB) found him guilty of disorderly conduct and deprived him of fifteen days of earned credit time. He appealed unsuccessfully to the ISP Superintendent and to the Indiana Department of Correction Final Reviewing Authority, who denied his appeal. (Apr. 28, 2009, Letter, DE 5-3 & DE 6 at 5.) However, Charles Penfold, the Final Reviewing Authority, recently reviewed the matter, suspended the fifteen-day earned credit time deprivation, and concluded: "As ninety days have passed from the effective date of hearing, the Earned Credit Time SHALL not be imposed at a future date." (Nov. 4, 2009, Letter, DE 5-4 & DE 6 at 6 (capitalization in original).)

The Petitioner has a protected liberty interest in good-time credits he has earned because loss of such credits affects the length or duration of his confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). Accordingly, habeas corpus relief is an appropriate remedy to seek for loss of good time credits. *Id.*; *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). The Respondent has filed a Motion to Dismiss in which he argues:

> The Court should not grant the relief requested because the Petitioner is not in custody as a result of the prison disciplinary proceeding at issue. The sanction imposed in ISO 09-03-0010 consisted solely of a fifteen-day loss of earned credit time. On November 4, 2009, C.A. Penfold, the Indiana Department of Correction's Final Reviewing Authority, suspended the Petitioner's sanction, and made clear that the sanction will not be imposed in the future. Because the suspended sanction will not be enforced, the Petitioner's sanction did not, and can not, lengthen his sentence and he is not entitled to a writ of habeas corpus.

(Resp't Mot. Dismiss 1, DE 4.) In his Memorandum in Support [DE 5], he adds:

> In the present case, [the Petitioner] has not been subjected to "custody" because his sole sanction has been suspended, and as noted by Mr. Penfold, cannot be enforced against Rhode . . . . As such, the suspended sanction may not be used to lengthen [the Petitioner's] sentence, and [his] Petition no longer provides a potential basis for relief under 28 U.S.C. § 2254. Consequently, this habeas corpus action should be dismissed as moot. *See Cochran v. Buss*, 381 F.3d 637, 640-641(7th Cir. 2004).

(Resp't Mem. in Supp. 2, DE 5) (footnote omitted).) The Petitioner has filed a Response [DE 6] to the Motion in which he acknowledges that his credit time has been restored. He argues that the Final Reviewing Authority's actions "demonstrat[ed] a 'tacit authorization' to disregard a prisoner's due process until this Honorable Court found merit in his Habeas Corpus petition." (Pet'r Resp. 2, DE 6.) He also asserts that even though his earned credit time has been restored, "this simple conviction will deny him additional earned credit time for completion of an educational degree which, in fact, creates a 'custody issue.'" (Pet'r Resp. 2, DE 6.).

However, the key is not whether there is a custody issue, but whether the Petitioner has a liberty interest in educational credit time. *Wolff v. McDonnell*, 418 U.S. 539 (1974), establishes that state prisoners have a liberty interest in good time credits, and they cannot be deprived of good time credits they have already earned without due process. But, as the Seventh Circuit has explained,

> [A prisoner] has no due process interest in the opportunity to earn good time

> credits. *See Sandin [v. Conner]*, 515 U.S. [472,] 487, 115 S.Ct. [2293,] 2302 [(1995)] (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but that there is no such protection for an action that merely *might* affect the duration of the sentence); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Lastly, participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee. *See Sandin*, 515 U.S. at [485], 115 S.Ct. at 2301.

*Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). That the DHB's finding of guilt might affect the Petitioner's ability to earn future educational credit time states no claim upon which relief can be granted under § 2254.

Based upon their submissions, the parties agree that the Petitioner's credit time has been restored and that the DHB finding of guilt no longer affects the length of his sentence or his release date. Restoration of the fifteen days of lost credit time is the only relief the Petitioner would receive if the Court adjudicated the merits of this petition, so he has already received all of the relief he could receive in this action.

Accordingly, the Court now GRANTS the Respondent's Motion to Dismiss [DE 4] this Petition as moot, and ORDERS that this Petition be DISMISSED.

SO ORDERED on December 8, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION